**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MARC DAVIS                                                                                                            PLAINTIFF

V.                                          NO: 5:13CV00151 DPM/HDY

EDWARD ADAMS *et al.*                                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Marc Davis, a pre-trial detainee at the W.C. "Dub" Brassell Adult Detention Center, filed a *pro se* complaint on May 20, 2013. Defendants are the detention center itself, and Capt. Edward Admas, Lt. Cynthia Hunter, and Sgt. Brooks.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, on April 6, 2013, he had a seizure at the detention center. Defendants were notified immediately, but did not respond for five to 10 minutes. The responding officer observed the incident, then ran out the door, and another five to 10 minutes passed before officers returned with a gurney and transported Plaintiff to a hospital. Plaintiff asserts that another inmate kept him from swallowing his tongue until officers returned with the gurney.

In essence, Plaintiff is alleging that he was denied adequate medical care. Although Plaintiff was a pre-trial detainee at the time the events giving rise to this complaint occurred, the same Eighth Amendment standards are applied to his inadequate medical care claims as those made by convicted inmates. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.

1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Accepting Plaintiff's allegations as true, he was on the way to the hospital within 20 minutes of having a seizure. Although Plaintiff asserts that he vomited blood, there is no allegation that any alleged delay in medical care caused the vomiting, or that Plaintiff sustained any injury as a result of Defendants' failure to act more quickly. When an inmate alleges that a delay in medical care constitutes a constitutional violation, he must eventually place in the record verifying medical evidence establishing the detrimental effect of the delay. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). Here, Plaintiff has not even alleged a detrimental effect and the facts Plaintiff does allege in his complaint do not describe deliberate indifference on the part of any Defendant. Guards did not ignore Plaintiff's condition, but rather transported him to the hospital. At most, Plaintiff might be able to demonstrate negligence because guards did not respond more quickly. However, as discussed above, negligence is not actionable. Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. *See also Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009) (constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

    2.       This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

    3.       The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   6   day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE